IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-CR-152-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER OF DETENTION PENDING** |
| ) | **TRIAL** |
| ROBERT CARLOS VARELA, ) | |
| ) | |
| Defendant. ) | |

This case came before the court today for completion of the hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. An initial session of the hearing, at which the court received the testimony of the only witness for the government, a special agent with the Federal Bureau of Investigation, was held on 11 August 2014. (*See* D.E. 17). At the continuation of the hearing, defendant presented the testimony of the proposed third-party custodian, his brother. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## **Background**

Defendant was charged in a one-count indictment on 22 July 2014 with armed bank robbery on or about 17 March 2014 in violation of 18 U.S.C. §2113(a) and (d). The evidence presented at the hearing showed that the charges arise from defendant's alleged robbery of a

Wells Fargo bank on the alleged offense date. Defendant has admitted to committing the robbery.

Defendant entered the back through a rear entrance, ordered everyone to the ground, jumped over the counter, and stole about $4,700 from a teller. Defendant had a kitchen knife, but held it with the handle, rather than the blade, protruding from his hand in order to, as he later stated, give the appearance that he had a firearm. An electronic tracker was included in the currency defendant stole.

Police followed the tracker to defendant's home, where they found the net robbery proceeds (defendant dropped about $2,100 in the bank) and the tracker hidden in a wall in the home. Police also found a note by defendant to his girlfriend stating that if he did not return he was probably in jail. The girlfriend reported that they were desperate for money. A search of the vehicle located outside the home yielded the gloves, sunglasses, and hat defendant wore during the robbery, along with the knife.

A video camera in the bank recorded the robbery. Notwithstanding the hat and sunglasses he wore, defendant was clearly identifiable.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the violent nature of the offense charged; the circumstances of the offense charged, including defendant's use of a weapon which he wanted others to believe was a firearm, the motivation behind the robbery of satisfying an immediate need for money, the relative recency of the alleged offense, and the potential term of imprisonment defendant faces if convicted; the unsuitability of the proposed third-party custodial

arrangement due to the regular absence of the proposed custodian from the home for fulltime work and the extent of the risk of danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as his lack of a recent felony criminal record and cooperation with law enforcement. It finds, however, that the factors favoring detention outweigh such evidence.

## **Conclusion**

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 15th day of August 2014.

_____
James E. Gates
United States Magistrate Judge